IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SAMMIE MCDUFFIE III,                      )
                                          )
       Plaintiff,                         )
                                          )      CIVIL ACTION
v.                                        )
                                          )      FILE No. 1:26-cv-00067-JRH-BKE
APPLE AMERICAN GROUP LLC                  )
and APPLE GEORGIA LLC,                    )      *Jury Trial Demanded*
                                          )
       Defendants.                        )

**FIRST AMENDED COMPLAINT**

COMES NOW, SAMMIE MCDUFFIE III, Plaintiff in the above-styled action, by and through the undersigned counsel of record, and files this, pursuant to Fed. R. Civ. P. 15(a)(1)(A), his First Amended Complaint for Negligence, Negligent Failure to Warn and/or Repair and Damages against Defendants APPLE AMERICAN GROUP LLC ("Apple American") and APPLE GEORGIA LLC ("Apple Georgia"). In support thereof, Plaintiff respectfully shows the Court as follows:

**PROCEDURAL BACKGROUND**

1.     Plaintiff filed his original Complaint against Apple American on April 15, 2026. [Doc. 1].

2.     Apple American was served with Summons and a copy of Plaintiff's original Complaint via its duly appointed registered agent for service in the State of Tennessee on April 28, 2026. [Doc. 4].

3.     Fed. R. Civ. P. 15 provides that a party may amend its pleading once as a

- 1 -

matter of course within twenty-one (21) days of service. Fed. R. Civ. P. 15(a)(1)(A).

4.      Plaintiff therefore files the foregoing First Amended Complaint as a matter of course within twenty-one (21) days of service for the purpose of adding Apple Georgia as a named defendant to this case.

## PARTIES AND JURISDICTION

5.      Plaintiff SAMMIE MCDUFFIE III (hereinafter "Plaintiff") is, and has been at all times relevant to the instant litigation, a resident of the State of Georgia.

6.      Apple American is a Tennessee limited liability company with a principal place of business in Independence, Ohio that owns and operates franchised Applebee's restaurants throughout the United States and within this judicial district.

7.      Apple Georgia is a Delaware limited liability company with a principal place of business in San Francisco that operates franchised Applebee's restaurants throughout the State of Georgia and within this judicial district.

8.      Apple Georgia may be properly served with Summons and a copy of the foregoing First Amended Complaint via its registered agent for service in the State of Georgia, to wit: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

9.      The District Court for the Southern District of Georgia has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity among the parties to this Complaint, and the amount in controversy is in excess of $75,000.00 (seventy-five thousand dollars).

10.     Venue for this case is proper in the Southern District of Georgia, Augusta

Division as the acts and omissions giving rise to this case occurred in Columbia County, Georgia.

## FACTUAL BACKGROUND

11.     Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if restated in their entirety.

12.     On or about June 19, 2024, at approximately 9:15 P.M., Plaintiff was a guest and invitee at Defendants' Applebee's restaurant located at 4015 Gateway Boulevard, Grovetown, Georgia 30813.

13.     While at Defendants' restaurant at that time, Plaintiff was seated at a booth with his family.

14.     As Plaintiff attempted to exit the booth where he was seated, the booth structure failed and collapsed, causing Plaintiff to fall to the floor and sustain serious personal injury.

15.     After said booth collapsed and Plaintiff was injured, one of Defendants' employees stated to Plaintiff that the booth in which Plaintiff was seated had collapsed on at least one prior occasion.

16.     The booth that caused Plaintiff to sustain injury had no signs or other such warnings advising its customers and invitees that the booth was dangerous or to exercise caution, nor did any of Defendants' agents or employees orally advise Plaintiff prior to his being seated that the booth was dangerous or that he should exercise caution when seated at said booth.

**COUNT I:**
**NEGLIGENCE**

17.   Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if restated in their entirety.

18.   Defendants owed a duty of care to Plaintiff to protect Plaintiff, their guest and invitee, from injury upon their premises.

19.   Defendants breached their duty to Plaintiff by failing to implement, maintain and/or enforce practices and procedures to ensure that its customer seating was free of hazards that would cause foreseeable injuries to its customers, guests and invitees.

20.   Defendants' breach of their duties to Plaintiff constitutes Negligence under Georgia law.

21.   Any act or omission by Defendants' employees that were the proximate cause of, or a contributing cause to, Plaintiff's fall and resulting injuries were made within the course and scope of their employment with Defendants.

22.   Under Georgia law and the doctrine of *respondeat superior*, the acts of a servant are the acts of the master, as and such, Defendants are liable to Plaintiff for the negligence of their employees.

23.   At all times relevant hereto, Plaintiff exercised reasonable and ordinary care for his own safety.

24.   Plaintiff did not contribute to fall or his injuries in any manner.

25.   As the direct and proximate result of Defendants' Negligence, Plaintiff has suffered significant personal injury, incurred medical expenses in the amount of

$227,210.39 (two hundred twenty-seven thousand two hundred ten dollars and thirty-nine cents), lost wages, and has endured pain and suffering, emotional distress, and the loss of enjoyment of life, for which Defendants are liable to Plaintiff.

26.     Plaintiff is entitled to recover from Defendants his special damages, as well as general damages to compensate him for his pain and suffering, past, present and future as will be shown by the evidence at trial.

**COUNT II:**
**NEGLIGENT FAILURE TO REPAIR AND/OR WARN**

27.     Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if restated in their entirety.

28.     Upon information and good-faith belief, Defendants had actual knowledge of the dangerous conditions within their restaurant that caused Plaintiff to suffer injury, as described in this Complaint, *supra*. Further, an injury to a customer, guest and invitee such as Plaintiff was the foreseeable result of such a dangerous condition.

29.     In the alternative, Defendants, upon the exercise of reasonable diligence, should have had knowledge of the dangerous conditions within their restaurant that caused Plaintiff to suffer injury, as described in this Complaint, *supra*. Further, an injury to a customer, guest and invitee such as Plaintiff was the foreseeable result of such a dangerous condition.

30.     Despite Defendants' actual or constructive knowledge of the dangerous conditions within its restaurant, Defendants failed to repair the dangerous conditions or properly warn Plaintiff of said dangerous known condition.

31.     Defendants' failure to properly warn the Plaintiff of the dangerous condition a well-travelled area within the premises it manages constitutes Negligent Failure to Repair and/or Warn under Georgia law.

32.     Any act or omission by Defendants' employees that were the proximate cause of, or a contributing cause to, Plaintiff's fall and resulting injuries were made within the course and scope of their employment with Defendants.

33.     Under Georgia law and the doctrine of *respondeat superior*, the acts of a servant are the acts of the master, as and such, Defendants are liable to Plaintiff for the negligence of their employees.

34.     At all times relevant hereto, Plaintiff exercised reasonable and ordinary care for his own safety.

35.     Plaintiff did not contribute to fall or his injuries in any manner.

36.     As the direct and proximate result of Defendants' Negligent Failure to Repair and/or Warn, Plaintiff has suffered significant personal injury, incurred medical expenses in the amount of $227,210.39 (two hundred twenty-seven thousand two hundred ten dollars and thirty-nine cents), lost wages, and has endured pain and suffering, emotional distress, and the loss of enjoyment of life, for which Defendants are liable to Plaintiff.

37.     Plaintiff is entitled to recover from Defendants his special damages as well as general damages to compensate him for his pain and suffering, past, present and future as will be shown by the evidence at trial.

**WHEREFORE**, Plaintiff prays as follows:

(a)     That Plaintiff have a trial by a jury of his peers as to all issues pleaded

in the foregoing Complaint;

(c)    That Plaintiff have and recover of Defendants at trial, all special damages as may be shown by competent evidence, to include, but not limited to, medical and other expenses and all lost wages, if applicable, plus general damages to compensate him for his pain and suffering, past, present and future in an amount to be determined by the enlightened conscience of an impartial jury;

(d)    That Plaintiff have and recover from Defendants at trial his reasonable attorney's fees and costs of litigation to the extent permissible by law; and

(d)    That Plaintiff have such other and further relief as this Court may deem just and equitable in light of the evidence presented at trial.

Dated: May 13, 2026.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Ehrlich Law Office, LLC
Georgia Bar No. 242240
572 Edgewood Avenue, N.E., Unit 121
Atlanta, Georgia 30312
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing First Amended Complaint with the Clerk of Court for the federal District Court for the Southern District of Georgia

via the Court's CM/ECF system. A true and correct copy of the foregoing was also served

upon the following parties via electronic mail:

Apple American Group LLC
c/o Timia A. Skelton
Bradley Arant Boult Cummings LLP
1230 Peachtree Street, Suite 1900
tskelton@bradley.com

Dated: May 13, 2026.

/s/Craig J. Ehrlich
Craig J. Ehrlich

8